UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES D. SUDBERRY, R., <br>     Plaintiff, | Case No. 1:18-cv-246 |
| vs. | Black, J. <br> Bowman, M.J. |
| WARDEN, LEBANON <br> CORRECTIONAL INSTITUTION, et. al., <br>     Defendants. | **REPORT AND** <br> **RECOMMENDATION** |

    Plaintiff James Sudberry, an inmate currently incarcerated at the Lebanon Correctional Institution (LeCI), is a frequent filer in this Court. He has initiated this prisoner civil rights action under 42 U.S.C. § 1983 by filing a motion for leave to proceed *in forma pauperis*. (Doc. 1). In the complaint, plaintiff claims that in December 2006, he was placed in a cell at the Southern Ohio Correctional Facility that reached 136 degrees, resulting in his having a heat stroke. (Doc. 1-1, Complaint at PageID 13). Now at LeCI, plaintiff claims that the maintenance department is still inadequate, for their failure to properly regulate the temperature. (*See id.*). He seeks monetary damages.

    A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

    Mr. Sudberry is prohibited by § 1915(g) from proceeding *in forma pauperis* because he

has had more than three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See, e.g., Sudberry v. Ohio Dep't of Rehab. & Corr.,* Case No. 1:05-cv-629 (S.D. Ohio Dec. 16, 2005) (Doc. 6) (dismissed for failure to state a claim for relief); *Sudberry v. Rome,* Case No. 1:07-cv-597 (S.D. Ohio Sept. 20, 2007) (Doc. 6) (dismissed as frivolous and for failure to state a claim for relief); *Sudberry v. Ohio Dep't of Rehab. & Corr.*, Case No. 1:08-cv-211 (S.D. Ohio May 21, 2008) (Doc. 7) (dismissed as frivolous and for failure to state a claim for relief). *See also Sudberry v. Jackson*, Case No. 1:11-cv-431 (S.D. Ohio Aug. 29, 2011) (Doc. 4, 6) (dismissing case pursuant to three-strikes provision); *Sudberry v. Warden*, Case No. 1:10-cv-102 (S.D. Ohio March 4, 2010) (denying plaintiff's *in forma pauperis* application pursuant to three-strikes provision); *Sudberry v. Morgan*, Case No. 1:14-cv-163 (S.D. Ohio Feb. 10, 2015) (Docs. 2, 9) (adopting Report and Recommendation to deny plaintiff's *in forma pauperis* application pursuant to three-strikes provision); *Sudberry v. Warden*, No. 1:15-cv-650 (S.D. Ohio Oct. 5, 2015) (2, 3) (same). As in prior cases filed by plaintiff with this Court, plaintiff's previous dismissals prevent him from obtaining pauper status in the instant action.

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618

2

F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

For these reasons, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) should be denied under 28 U.S.C. § 1915(g).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) be **DENIED.**

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JAMES D. SUDBERRY, R.,  
    Plaintiff,

vs.

WARDEN, LEBANON  
CORRECTIONAL INSTITUTION, et. al.,    Defendants.

Case No. 1:18-cv-246

Black, J.  
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).